In the Matter of MORTON SHANKMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 30, 1987

## APPEARANCES OF COUNSEL

*Robert H. Straus (Leslie S. Evans* of counsel), for petitioner.

*Morton Shankman,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on December 19, 1956. In this proceeding, the petitioner has moved to confirm the report of the Special Referee and the respondent has cross-moved to "modify" the report.

The Special Referee found the respondent guilty of all three allegations of professional misconduct. The first charge alleged that respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), and 22 NYCRR 691.7, in that, on May 4, 1982, the respondent pleaded guilty to criminal possession of stolen property in the third degree, in violation of Penal Law former § 165.40, a class A misdemeanor. The respondent was sentenced to a conditional discharge with the additional direction that he was not to return to New York State to practice law.

The second charge alleged that respondent failed to file with this court a record of his conviction of a crime within 30 days of his May 4, 1982 conviction, as required by Judiciary Law § 90 (4) (c).

The third charge alleged, *inter alia,* that respondent converted the funds of his client when he deposited a $3,000 settlement check into his special account and thereafter the balance of said account fell below $580 although no moneys had been disbursed to the client.

After reviewing all of the evidence, we are in full agreement with the findings set out in the report of the Special Referee. The respondent is adjudged guilty of the serious professional misconduct detailed above. The petitioner's motion to confirm the report of the Special Referee is granted and respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we are cognizant of the mitigating circumstances raised by the respondent including his health-related problems and other personal problems he was experiencing at the time

when the misconduct took place. Nevertheless, respondent should be, and hereby is, disbarred, and it is directed that his name be stricken from the roll of attorneys and counselors-at-law effective forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SPATT, JJ., concur.